**Jorge RETANO, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**No. 03–70791.
Agency No. A91–697–092.**

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**650**

Submitted Nov. 5, 2004.*

Decided Nov. 9, 2004.

Jan Joseph Bejar, Esq., San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Daniel D. McClain, Terri J. Scadron, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Jorge Retano, a native and citizen of Mexico and lawful permanent resident of the United States, petitions for review of the BIA's summary affirmance of the IJ's order finding Retano removable under 8 U.S.C. § 1182(a)(2)(C)(i), as an alien who the Attorney General "knows or has reason to believe" is or has been involved in drug trafficking. We have jurisdiction to determine jurisdiction—whether 8 U.S.C. § 1252(a)(2)(C) bars judicial review of the final order of removal because substantial evidence supports the IJ's conclusion that Retano is removable under 8 U.S.C. § 1182(a)(2)(C)(i). *See* 8 U.S.C. § 1252(a)(2)(C); *Lopez–Molina v. Ashcroft*, 368 F.3d 1206, 1208 (9th Cir.2004).

We review for substantial evidence the IJ's determination that there was reason

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to believe that Retano is or has been an illicit trafficker in marijuana. *Id.* at 1211. The IJ's conclusion "must be affirmed if based on reasonable, substantial, and probative evidence." *Id.* Similarly, the IJ's findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Because the parties are familiar with the facts, we recite them only as necessary to this decision.

We dismiss the petition for review for lack of jurisdiction because substantial evidence supports the IJ's conclusions.

8 U.S.C. § 1182(a)(2)(C)(i) does not require a criminal conviction to establish either inadmissibility or a lack of appellate review. *Lopez–Molina,* 368 F.3d at 1209. Rather, the attorney general need only have "reason to believe" that the alien is or has been involved in illicit drug trafficking. *Id.*

The record contains reasonable, substantial, and probative evidence to support the IJ's conclusion that there was "reason to believe" that Retano was involved in drug trafficking. Retano was arrested while attempting to transport about 6,000 pounds of marijuana across the border. The marijuana was worth $1.7 million wholesale and $4.5 million once it crossed the border. The large quantity and high value of the marijuana suggested that Retano was trusted by the drug traffickers and that Retano knew that the drugs were in the trailer. The marijuana weighed over three tons and was placed right above the fifth wheel. An agent, who had also been a commercial truck driver for 13 years, testified that a truck driver would have noticed the three tons over the fifth wheel because the front of the trailer would not bounce as much as an empty trailer.

The marijuana was in a hidden compartment in what appeared to be an empty 48–foot trailer. The compartment, located at the front of the trailer, was four feet deep. The difference between the length of the outside and inside of the trailer was readily apparent. The compartment was "raggedly made" and the front of the compartment was noticeably different from the side walls of the trailer. The edges of the front boards were jagged. The cross beam across the roof was freshly and sloppily welded. The plywood front of the trailer had been cut, when the wall would generally be one single sheet of plywood. The front wall was a different color than the other walls of the trailer, the front wall corner panels were made of galvanized metal instead of aluminum, and the side boards were "battered very well."

Retano admitted that he had driven at least 6 empty trailers across the border for the same individual, who had come to Retano's house in Mexico, arranged the transport, and paid Retano $500 cash to pick up and deliver empty trailers to truck stops across the border. Retano left the trailers at night and returned the next day. Retano also admitted to the investigators that he was well-paid because he was paid the same rate for an empty trailer that he charged for a fully loaded trailer.

Four INS and Customs Officers opined that, based on all of the above evidence, Retano knew the trailer contained drugs.

In light of the above evidence, Retano's testimony that he did not know the drugs were in the trailer and the government's dismissal of the criminal charges and return of Retano's truck does not compel a contrary conclusion. The statute does not require a conviction or forfeiture for removal. 8 U.S.C. § 1182(a)(2)(C)(I).

Because substantial evidence supports the IJ's conclusion that there was reason to believe that Retano was an illicit drug trafficker, this court lacks jurisdiction to

consider the petition for review. 8 U.S.C. § 1252(a)(2)(C); *Lopez–Molina,* 368 F.3d at 1209.

PETITION DISMISSED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.